UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Edmon Gasaway,

    Petitioner,

v.

Office of Dispute Resolution,

    Respondent.

Civil Action No. 14-241

MEMORANDUM OPINION

The petitioner is a prisoner at the United States Penitentiary in Tucson, Arizona, seeking issuance of a writ of mandamus to compel action by the "Office of Dispute Resolution." In addition to the one-page petition captioned "Writ of Mandanmus [sic]," the petitioner has submitted an application to proceed *in forma pauperis*. Upon review of the petition, the Court finds that the petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's civil action upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted).

The petitioner does not identify the respondent as a federal entity, but he seeks "immediate action to resolve and [sic] ongoing dispute between he and the Bureau of Prisons[,] an agency of the United States." Writ of Mandamus. Therefore, the Court will assume for the purpose of resolving this matter that the named respondent is located within the Department of Justice. In an attachment to the petition captioned "Dispute/Complaint" and dated June 18, 2013, the petitioner recounts the Bureau of Prisons' responses to his claims submitted under the

1

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for alleged injuries he suffered when he ate contaminated food while incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable" and such relief "is hardly ever granted." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). Furthermore, mandamus relief is not available "when review by other means is possible," *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984), or "to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The petitioner has not identified a specific duty owed to him. In any event, mandamus relief is not available because the petitioner has an adequate remedy under the FTCA to challenge the Bureau of Prisons' responses to his tort claims. Such a claim is maintainable after the petitioner has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . .," and "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675. Thereafter, the claimant is free to file a civil action "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The petitioner has not stated a claim for mandamus relief and this judicial district is not the proper venue for

litigating any claim the petitioner may have under the FTCA. Therefore, this action will be dismissed.[1]

DATE: January 27, 2014

/s/ Reggie B. Walton
United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.